**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

JACOB L. BRONAUGH, # 85143,     )
          )
       **Plaintiff,**     )
          )
    **vs.**     )     **Case No. 16-cv-164-MJR**
          )
CAPTAIN JOSEPH,     )
and LT. HILL,     )
          )
       **Defendants.**     )

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff, currently incarcerated at the Madison County Jail ("the Jail"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants failed to remedy conditions caused by a flooded cell block. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."  *Id*.  At the same time, however, the factual allegations of a pro se complaint are to be liberally construed.  *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After fully considering and liberally construing the allegations in Plaintiff's complaint, the Court concludes that it fails to state a claim upon which relief may be granted against the named Defendants.

## **The Complaint**

Plaintiff's entire statement of claim is as follows:

> On Cell Block B-North the sink was leaking and had the cell block flooded and not only me but several other inmates told the walking guard and he did not do anything for it.  We ask[ed] for a mop and cleaning supplies and did not receive any.

(Doc. 1, p. 5).  The only mention Plaintiff makes of either Defendant is to state that he wrote to the captain (presumably Defendant Joseph) about the incident, but the captain said that there was no problem with the leaking sink.

As relief, Plaintiff requests compensatory damages for pain and suffering,

permanent disfigurement, and for all his hospital bills to be paid (Doc. 1, p. 6).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Plaintiff does not say whether he is confined at the Jail as a pretrial detainee awaiting adjudication of criminal charges, or whether he is a prisoner serving a sentence after having been convicted of a crime.  Either way, he has attempted to articulate a claim for being housed under unconstitutional conditions of confinement.

When a pretrial detainee brings a claim pursuant to § 1983, the applicable constitutional provision is the Due Process clause of the Fourteenth Amendment.  *See Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000).  Claims brought by convicted prisoners arise under the Eighth Amendment's "cruel and unusual punishment" clause.  However, the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'"  *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999)).  Thus, for 'cruel and unusual punishment' claims brought by a detainee, the plaintiff must show that the jail officials knew that the plaintiff was at risk of serious harm, and that they disregarded that risk by failing to reasonably discharge the risk.  *Grieveson v. Anderson*, 538 F.3d 763, 771-72, 777-79 (7th Cir. 2008).

First of all, Plaintiff gives no description of the nature of the "flooding" of his cell block, nor does he discuss what harm to him, if any, resulted from the incident.  Without more information, the Court cannot assess whether Plaintiff faced a constitutionally significant risk of serious harm due to the leaking sink or the flood.

Furthermore, according to Plaintiff's complaint, Defendant Captain Joseph did

not know about the water problem until Plaintiff wrote to him about it, apparently after the flood occurred. If Defendant Joseph was not aware of the leak until after the flood, it cannot be said that he knowingly failed to mitigate the risk of harm to Plaintiff. On the other hand, the "walking guard" who was on duty at the time of the incident had some notice of the flooding problem. According to Plaintiff, he asked that person for a mop and cleaning supplies, but the guard did nothing. Plaintiff chose not to assert a claim against the guard, and the Court cannot determine from the complaint whether his failure to act violated Plaintiff's rights.

It should be noted that Defendant Joseph's position as Jail Captain does not make him liable for the misdeeds of other Jail staff under his supervision. The doctrine of *respondeat superior* (supervisory liability) is not applicable to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

Plaintiff does not mention Defendant Lt. Hill in the complaint at all. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). For these reasons, the complaint fails to state a viable claim against Defendant Hill.

For the above reasons, the complaint (Doc. 1) shall be dismissed for failure to state a claim upon which relief may be granted. However, Plaintiff shall be allowed an opportunity to submit an amended complaint, to correct the deficiencies in his pleading. If the

amended complaint still fails to state a claim, or if Plaintiff does not submit an amended complaint, the entire case shall be dismissed with prejudice, and the dismissal shall count as a strike pursuant to § 1915(g).  The amended complaint shall be subject to review under § 1915A.

**Pending Motion**

Plaintiff has filed a motion for recruitment of counsel (Doc. 3).  The dismissal of the complaint without prejudice raises the question of whether Plaintiff is capable of drafting a viable amended complaint without the assistance of counsel.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006).  Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant.  *Ray v. Wexford Health Sources, Inc*., 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own.  *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)).  If so, the Court must examine "whether the difficulty of the case— factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it."  *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655).  "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial."  *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff's motion does not indicate that he has made any efforts to secure counsel; rather, he merely says that he cannot get a lawyer because he is indigent and in jail (Doc. 3, p. 1).  Based on this statement, the Court cannot conclude that Plaintiff has made reasonable efforts to obtain counsel.

As to the second inquiry, Plaintiff states that he has no higher education beyond his high school diploma.  Nonetheless, the complaint reflects that Plaintiff is capable of stating the relevant facts regarding his legal claims.  At this juncture, the Court is merely concerned with whether this action can get out of the gate, so to speak.  All that is required is for Plaintiff to include more factual content regarding the conditions of his confinement, what he did to inform the defendants about those conditions, and how they responded.  Plaintiff alone has knowledge of these facts, and no legal training or knowledge is required to set them down on paper. Therefore, the recruitment of counsel is not warranted at this time and the motion (Doc. 3) is **DENIED** without prejudice.  The Court will remain open to appointing counsel as the case progresses.

## Disposition

The Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 35 days of the entry of this order (on or before June 13, 2016).  It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions.  He should label the pleading "First Amended Complaint" and include Case Number 16-cv-164-MJR.  For each claim, Plaintiff shall specify, *by name*,[1]

---

[1] Plaintiff may designate an unknown Defendant as John or Jane Doe, but should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

each Defendant alleged to be liable, as well as the actions alleged to have been taken by that Defendant.  New individual Defendants may be added if they were personally involved in the constitutional violations.  Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any other pleading.  Should the First Amended Complaint not conform to these requirements, it shall be stricken.  Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.   Failure to file an amended complaint shall result in the dismissal of this action with prejudice.   Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 9, 2016**

<u>s/ MICHAEL J. REAGAN</u>
Chief Judge
United States District Court