IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACOB L. BRONAUGH, # 85143,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| vs.  ) | Case No. 16-cv-164-MJR |
| ) | |
| CAPTAIN DAVID JOSEPH,  ) | |
| MIKE TASSONE,  ) | |
| and JOHN LAKIN,  ) | |
| ) | |
| Defendants.  ) | |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is before the Court to review Plaintiff's First Amended Complaint pursuant to the requirements of 28 U.S.C. § 1915A. Plaintiff filed the amended pleading (Doc. 9) on May 16, 2016, at the direction of the Court. The original complaint (Doc. 1) was dismissed on May 9, 2016, for failure to state a claim upon which relief may be granted (Doc. 8). Section 1915A requires the Court to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.

**The Amended Complaint (Doc. 9)**

On November 21, 2015, while Plaintiff was incarcerated at the Madison County Jail ("the Jail"), the sink pipes in Cell 4 were clogged, and the sink had a continuous leak (Doc. 9, p. 8). The leaky sink overflowed and flooded the cell block. When Defendant Tassone made rounds, he saw the flood. Plaintiff and several other inmates asked Defendant Tassone for a mop and other cleaning supplies to clean up the water, but he turned down their request.

At 10:25 p.m. that night, Plaintiff was walking from one cell to another when he slipped in the water and fell. He "busted [his] left eye open and fractured it" as a result of the fall. At 10:30 p.m. an officer (Mark Ryan, who is not a Defendant), came to lock down the unit and saw that Plaintiff's face was gushing blood. Plaintiff was taken to the hospital for treatment.

Plaintiff asserts that his injuries could have been prevented if he had been given cleaning supplies when he requested them. In addition to Defendant Tassone, Plaintiff sues Defendants Davis (Captain) and Lakin (Sheriff). He seeks compensatory damages for his pain, suffering, and permanent disfigurement (Doc. 9, p. 6).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

As with the original complaint, Plaintiff's amended complaint does not disclose whether he is confined at the Jail as a pretrial detainee awaiting adjudication of criminal charges, or whether he is a prisoner serving a sentence after having been convicted of a crime. As explained in the Court's first merits review order (Doc. 8), a pretrial detainee's claims over the conditions of incarceration arise under the Fourteenth Amendment's Due Process clause. *See Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000). Claims brought by convicted prisoners are governed by the Eighth Amendment's "cruel and unusual punishment" clause. After reviewing the First Amended Complaint in light of both standards, the Court concludes that Plaintiff still fails to state a constitutional claim upon which relief may be granted. This case shall therefore be dismissed pursuant to § 1915A.

The Seventh Circuit has explained that for conditions of confinement claims, "a pretrial detainee is entitled to be free from conditions that amount to 'punishment,' *Bell v. Wolfish*, 441 U.S. 520, 535 (1979), while a convicted prisoner is entitled to be free from conditions that constitute 'cruel and unusual punishment.' *Farmer v. Brennan*, 511 U.S. 825,

832 (1994)." *Smith v. Dart*, 803 F.3d 304 (7th Cir. 2015). No matter which constitutional provision applies, the conditions giving rise to the claim must be "objectively serious enough to amount to a constitutional deprivation, and the defendant prison official must possess a sufficiently culpable state of mind." *Smith*, 803 F.3d at 304. As a general rule, the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999)).

In Plaintiff's case, the objective condition that resulted in his injury was a wet, flooded floor in the cellblock. Plaintiff was fully aware of the problem, because he had called it to the attention of Jail staff. Defendant Tassone failed to take steps to correct the condition or allow Plaintiff to clean it up.

Courts have consistently held that wet, slippery prison floors do not implicate the Constitution. *See Pyles v. Fahim*, 771 F.3d 403, 410-11 (7th Cir. 2014) ("slippery surfaces and shower floors in prison, without more, cannot constitute a hazardous condition of confinement" in violation of the Eighth Amendment); *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("an inch or two" of accumulated water in the shower was not "an excessive risk to inmate health or safety"); *Bell v. Ward*, 2004 WL 260284 (7th Cir. 2004) (affirming the dismissal of a slip-and-fall claim on 1915A review because accumulation of water on prison floor did not present a risk of serious injury); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors ... do not state even an arguable claim for cruel and unusual punishment"); *Carroll v. DeTella*, 255 F.3d 470, 472 (7th Cir. 2001) ("failing to provide a maximally safe environment, one completely free from ... safety hazards, is not [a constitutional violation]").

Plaintiff's case is factually distinguishable from the most recent prison slip-and-fall case reviewed by the Seventh Circuit, *Anderson v. Morrison*, No. 14-3781 (7th Cir. Aug. 26, 2016). The appellate court held that the prisoner in *Anderson* should have been allowed to proceed with his claim, where he was injured after prison guards cuffed his hands behind his back, then required him to descend a flight of stairs that was wet and littered with trash and debris, causing him to fall and be unable to catch himself. In contrast, Plaintiff was in a cellblock where the wet floor posed no more than the usual level of risk associated with such conditions. Objectively, it cannot be said that Plaintiff was exposed to an "excessive" risk of harm that would trigger constitutional concern.

As to the state of mind of Defendant Tassone (the only person who is alleged to have been aware of the conditions before Plaintiff fell), the factual summary does not suggest that he "possess[ed] a purposeful, a knowing, or possibly a reckless state of mind," or intended that Plaintiff would be harmed, when he failed to give Plaintiff the requested cleaning supplies. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015); *Davis v. Wessel*, 792 F.3d 793, 801 (7th Cir. 2015). To the contrary, Defendant Tassone's refusal to provide cleaning supplies indicates negligence at most.

It has long been established that negligence alone is not enough to support a claim of deliberate indifference. *See County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process"); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Daniels v. Williams*, 474 U.S. 327, 332 (1986). While relief in federal court is foreclosed to Plaintiff, a suit for negligence may be brought in state court. That being said, the Court takes no position on the merits or viability of such a claim.

Plaintiff's summary of the facts does not describe any direct involvement by Defendant Joseph or Defendant Lakin in the flooding incident or Plaintiff's ensuing injuries. As explained in the Court's earlier order, in a civil rights case, supervisory officials cannot be held vicariously liable for the actions of their subordinates. Plaintiff has thus failed to state a viable constitutional claim against any of the Defendants. This action shall be dismissed.

**Disposition**

For the reasons stated above, this action is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 811 (7th Cir. 1998).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the remaining balance of Plaintiff's filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir.

1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

    The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

    **IT IS SO ORDERED.**

    **DATED: August 31, 2016**

                                s/ MICHAEL J. REAGAN
                                Chief Judge
                                United States District Court